IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DERRICK DIRTON                              :
     Plaintiff                           :
v.                                          :       Civil Action No.RDB-09-680
                                            :
STATE OF MARYLAND,                          :
OFFICER MILLER,                             :
OFFICER GOTILLO,                            :
and OFFICER VANMETER                        :
     Defendants                          :
                                          o0o

# MEMORANDUM OPINION

Pending is Defendants' Motion to Dismiss or for Summary Judgment. Paper No. 18. Also pending are Plaintiff's Motions to Appoint Counsel and to Amend the Complaint. Papers No. 12, 14 and 23. Plaintiff was advised of his right to file a response in opposition to Defendants' motion. Paper No. 20. He has not filed a response in opposition in this case, but filed "exhibits" in another case that pertain to the events raised in this case. *See Dirton v. State of Maryland*, Civil Action RDB-09-681 at Paper No. 20 (D. Md.). The documents shall be considered in the context of this case.

**Non-Dispositive Motions**

Plaintiff's Motion to Amend the Complaint was filed after the Answer was filed. Paper No. 14. Amendment to a complaint after a responsive pleading is filed is permissible if agreed upon by the opposing party or with leave of court. *See* Fed. R. Civ. Proc. 15(a)(2). Plaintiff's Motion to Amend seeks to add a claim against a nurse whom he claims withheld his medications to retaliate against him for filing the instant claim. Paper No. 14. Plaintiff filed an amended complaint with the retaliation claim included as well as a claim that his property was taken from him. Paper No. 21. Although leave to amend is ordinarily freely given, the retaliation claim asserted by Plaintiff is unrelated to the original claim raised in the Complaint inasmuch as the

nurse he names was not involved in the alleged excessive force incident. A bald assertion of retaliation, without more, does not state a claim. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). In addition, the property claim asserted does not state a federal claim. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981) (due process mandates only adequate post-deprivation remedy). Accordingly, Plaintiff's Motion to Amend shall be denied.

Plaintiff seeks appointment of counsel in this case citing his indigency and the complexity of this case. Paper No. 12 and 23. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1)[1] is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also, Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed. *Id*. Upon careful consideration of the motions and previous filings by Plaintiff, this Court finds that he has demonstrated the wherewithal to either articulate the legal and factual basis of his claims himself, or secure meaningful assistance in doing so. Moreover, Plaintiff's excessive force claim is not unduly complicated. Therefore, this court concludes there are no exceptional circumstances which would warrant the appointment of an attorney under § 1915(e)(1). His motion shall be denied.

## Background

Plaintiff alleges that on January 6, 2009, at approximately 8:30 a.m., he was out of his cell escorted by Sergeant Smith for purposes of seeing Psychologist Hafercamp. Paper No. 1.

---

[1] Under § 1915(e)(1), a court of the United States may request an attorney to represent any person unable to afford counsel.

Upon returning to his cell, Plaintiff's cell was searched by Officers Miller and Vanmeter. Officer Gulillo stood outside Plaintiff's cell where Plaintiff was required to sit during the search. *Id*. Plaintiff claims he asked why it was taking so long to search his cell and was told to shut up or he would be taken to a holding cell. He states that "ten minutes go by" and "suddenly" Gulillo ordered him to stand up. *Id*. Plaintiff was then escorted to the holding cell. He claims that en route, Gulillo pulled his arms high up in the air and broke his middle finger. *Id*. Upon reaching the holding cell Plaintiff claims Gulillo escorted him into the cell, and Miller followed and assaulted Plaintiff. He also claims Vanmeter kicked Plaintiff in the arms and back, and Gulillo bent Plaintiff's right arm again. He further claims that Miller held Plaintiff down and hit him in the back and head. Plaintiff claims that when the assault was stopped he was pulled to his feet and made to walk over to the holding cell door where his hand was closed in the feed up slot three times, causing him to sustain a big gash on his hand.

Plaintiff claims he was kept in the holding cell for 15 days and placed on staff alert. He alleges he suffered seizures during the time he was confined in the holding cell, but nothing was done. In addition he claims he was made to sleep on the floor without a mattress. On February 1, 2009, Plaintiff was seen by medical staff in response to his complaint that his finger was broken. He claims that although an x-ray was performed on February 5, 2009, nothing was done to treat his finger.

Defendants assert that Plainitiff was seated in a chair outside of his cell while it was being searched when he began shouting at the officers searching his cell. Paper No. 18. Plaintiff was warned that if he did not stop shouting he would be removed from the area. *Id*. at Ex. 1. Plaintiff threatened that if officers touched him he would fake a seizure, injure himself, and blame it on the officers. *Id*. When Plaintiff stood up, Gulillo began escorting him away from the

3

area. *Id*. He claims that 10 steps away Plaintiff went limp and fell to the ground. Gulillo gave Plaintiff an order to stand up, but he did not comply and began kicking his legs, kicking Gulillo in the groin. Vanmeter then responded and was kicked in the chest. Plaintiff was placed in the holding cell, where he was overheard saying to another inmate that he was going to injure his hand and make Defendants pay for it. *Id* at p. 11.

Medical records submitted by both Plaintiff and Defendants indicate that Plaintiff had a deformity in the middle of his right hand, with bruising and an abrasion. Paper No. 18 at Ex. 3; *Dirton v. State of Maryland*, Civ. Action No. RDB-09-681 at Paper No. 20. Plaintiff was seen on the day of the cell search when it was noted that he had bruising and an abrasion to his hand, but movement was within normal limits. Paper No. 18 at Ex. 3, p. 2. On February 1, 2009, x-rays were ordered for Plaintiff's hand. *Id*. at p. 19. Plaintiff's hand was x-rayed on February 9, 2009; March 8, 2009; and May 13, 2009, all of which revealed no fracture present. *Id*. at pp. 21, 24, and 32.

## Standard of Review

Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).  "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

**Analysis**

Whether force used by prison officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson v. McMillian*, 503 U. S. 1, 6-7 (1992).  This Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response.  *See Whitley v. Albers*, 475 U. S. 312, 321 (1986).  If the injuries sustained as a result of the alleged excessive force are *de minimis*, the plaintiff cannot prevail on an 8th

Amendment claim, unless extraordinary circumstances are present. *See Norman v. Taylor*, 25 F.3d 1259, 1263 (4th Cir. 1994). "Extraordinary circumstances are present when the force used is of a sort repugnant to the conscience of mankind or the pain itself is such that it can properly be said to constitute more than de minimis injury." *Taylor v. McDuffie*, 155 F. 3d 479, 483 (4th Cir. 1998); *see also Riley v. Dorton*, 115 F. 3d 1159, 1166 (4th Cir. 1997) (record must support a finding that plaintiff sustained more than de minimis injury).

Plaintiff's claim that his finger was broken as a result of the use of force against him is belied by the medical records submitted by both parties.[2]  Paper No. 18 at Ex. 3; *Dirton v. State of Maryland*, Civ. Action No. RDB-09-681 at Paper No. 20.  At most he sustained bruising to the back of his hand, a de minimis injury.  It is clear from the record that the use of force in this case was brought about by Plaintiff's behavior and his failure to comply with orders given to accommodate a search of his cell.  Defendants' conduct does not meet the standard for a finding of an Eighth Amendment violation.  They are, therefore, entitled to summary judgment in their favor.  A separate Order follows.


November 19, 2009                                   /s/
Date                                                         RICHARD D. BENNETT
                                                             UNITED STATES DISTRICT JUDGE

---

2  Plaintiff's hand was x-rayed three different times. Paper No. 18 at Ex. 3, pp. 21, 24, and 32.